IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ROBERT D. BLAUROCK,

                              Plaintiff,

             v.                              CASE NO. 12-3066-SAC

STATE OF KANSAS, et al.,

                              Defendants.


O R D E R

Plaintiff proceeds pro se and in forma pauperis on a complaint seeking relief under 42 U.S.C. § 1983 on allegations of constitutional deprivation concerning prison disciplinary proceedings against him, his access to the courts and legal materials, and prison overcrowding.

Having reviewed the record, the court considers and decides the following motions.

*Conventional Filing of Exhibits and Request for Copies*

The court grants plaintiff's motion for leave to conventionally file exhibits.

The court notes plaintiff's repeated requests for file stamped copies of documents submitted for filing in this matter.  Plaintiff is currently incarcerated in a state facility that provides for the electronic filing of documents.  See District of Kansas Local Rules, Standing Order 12-01 (Prison E-Filing Project).  Plaintiff retains his original document, and his receipt of the Notice of Filing serves as his record that the document has been received and filed by the

court.

*Motion for Court Order*

Plaintiff's motion for a court order, titled as an APPLICATION FOR A THREE JUDGE PANEL and APPLICATION FOR A PRISONER RELESASE ORDER, is denied as having no legal merit.

Plaintiff cites 28 U.S.C. § 2284 as the authority for his request for a three judge panel to investigate his claims, to determine appropriate remedies or injunctive relief to correct alleged civil rights violations, and to prevent further loss or violation of plaintiff's constitutional rights. Plaintiff's reliance on § 2284, however, is misplaced where no Act of Congress requires a panel of three district court judges to review the allegations set forth in plaintiff's § 1983 complaint, and plaintiff is not challenging the constitutionality of the apportionment of congressional districts or any state legislative body.[1]  The complaint thus is not appropriate for a three-judge district court.

Plaintiff's seeks a prisoner release order pursuant to 18 U.S.C. § 3626(3)(E)(i).  That statute provides for such an order by a three-judge court upon that court's finding by clear and convincing evidence that prison crowding is the primary cause of the violation of a federal right.  None of these statutory prerequisites for a prisoner release order under § 3626(3)(E)(i) are satisfied in the present case.

*Motion for Assistance with Service and Motion for Default Judgment*

---

[1] 28 U.S.C. § 2284(a) reads:  "A district court of three judges shall be convened when otherwise required by Act of Congress, or when an action is filed challenging the constitutionality of the apportionment of congressional districts or the apportionment of any statewide legislative body

Plaintiff's motion for assistance in completing service, and motion for default judgment, are each denied without prejudice to plaintiff renewing this request for assistance with service if the court orders service of process on any defendant.

*Motion for Joinder, Misjoinder, and Non-joinder*

Plaintiff's MOTION FOR JOINDER and MISJOINDER and NON-JOINDER is liberally construed by the court as plaintiff's amendment of the complaint to voluntarily dismiss [fnu] Kidd as a party defendant, and to name Lt. Kyle Chick and Officer Schnieder as additional defendants. The court grants this motion in part to allow plaintiff's voluntary dismissal of defendant Kidd from the lawsuit.   To the extent plaintiff is amending the complaint to name two additional defendants, plaintiff correctly notes that he is entitled to amend his complaint once as a matter of right.   Compliance with court rules governing amendment of a complaint is still required, however.

Plaintiff must submit an amended complaint on a court approved form.   D.Kan. 9.1(a).   The court will grant plaintiff an opportunity to submit a first amended complaint in compliance with this court rule. Plaintiff is further advised that an amended complaint operates to completely supersede the original complaint, and thus must name all defendants and include all claims plaintiff intends to pursue in this action, including those raised in the original complaint.   *See Franklin v. Kansas Dept. of Corrections*, 160 Fed.Appx. 730, 734 (10th Cir.2005)("An amended complaint supersedes the original complaint and renders the original complaint of no legal effect.")(citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir.1991)).   Any claims not included in the amended complaint will be treated as abandoned, and

the failure to include in the amended complaint any defendant named in the original complaint will be treated as plaintiff's voluntary dismissal of any such defendant.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to file documents conventionally (Doc. 5) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for a court order (Doc. 6) is denied, and that plaintiff's motion for assistance in completing service (Doc. 8) and motion for default judgment (Doc. 10) are denied without prejudice.

IT IS FURTHER ORDERED that plaintiff's motion for joinder (Doc. 9) is liberally construed as plaintiff's voluntary dismissal of defendant Kidd as a party defendant, and as plaintiff's stated intent to amend the complaint to name Lt. Kyle Chick and Officer Schnieder as additional defendants. Plaintiff is granted thirty (30) days to submit a first amended complaint in compliance with court rules.

The clerk's office is to provide plaintiff with a court approved form for filing a complaint under 42 U.S.C. § 1983.

**IT IS SO ORDERED.**

DATED: This 21st day of December 2012 at Topeka, Kansas.


s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge