Robert D. Blaurock # 0086516
H.C.F.,  P.O. Box 1568
Hutchinson,Ks. 67504-1568

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

ROBERT D. BLAUROCK                        UNITED STATES DISTRICT COURT

    Plaintiff                             Case No.  12-3066-SAC

-v-

STATE OF KANSAS et. al                    Objection To Ruling Or Order

KS. DEPT. OF CORRECTIONS                  Pursuant to Fed.R.Civ.P. R.46

OBJECTION TO RULING OR ORDER

Pursuant to Fed.R.Civ.P. ￢R.46

1. The plaintiff is in receipt of the District Courts Electronic Filing Notice
   dated 12/21/12, and COURT ORDER dated 12/21/12. It is from these documents
   in which the plaintiff makes partial objections to specific orders.

2. The plaintiff acknowledges that Mr.Kidd is no longer a defendant due to a
   misnominer, and Mr.C. Sneider is added to the complaint. Mr.Kyle Chick is
   to become a defendant as per line/defendant # 19 upon the origional complaint,
   and Mr.C.Schnieder is to be added as defendant # 21 upon the origional com-
   plaint.

3. The Amended Complaint form provided by the Court to the plaintiff lacks
   enough space or number of pages, in which to include all of the defendants,
   constitutional right deprivations, jurisdiction of the court, plaintiffs
   jurisdiction, Federal Statutes, State Statutes, supporting case cites of
   precedence, Nature of the Case, Cause of the Action, Exhaustion of Admin-
   istrative Remedies, Previous Lawsuits, Reliefs Sought/Request for Relief,
   Prayer for Relief, Declaration under Penalty of Perjury, Amendment od Addition
   to Complaint, Certificate of Service. Therefore, the plaintiff will comply
   to the Court Order in regards to submission of said Amended Complaint, by
   means of correcting the Disinjoined Defendants to read the correct defendants
   named, and a new certificate of service. Such Amended Complaint shall be filed
   via Electronic Filing method as per U.S.D.Ct. Standing Order 12-01.

4. The plaintiff objects or appeals the Courts decision in regards to the denial of his former request. The plaintiffs request is based upon the facts that, the K.D.O.C. employees, staff members, unit team members, and uniformed officers " did " confiscate and detroy the plaintiffs official court documents which were essential in presentation of criminal appeal issues. Granting of said request would prevent further acts of harrassment, retaliations, and reprisal against the plaintiff, because he invoked his civil rights protections. Granting of said request would prevent the defendants et. al. from obstructing the plaintiffs access to legal research materials, access to the courts, and denials of his U.S. Constitutional Rights.

5. The plaintiffs request for the Courts assistance in completion of service is allowable as per Fed.R.Civ.P. Rule 4, in regards to the 1983 complaint. Some of the K.D.O.C. defendants et.al. refused to accept service and copy of the plaintiffs motions and official court filings via IN HOUSE MAIL service. Other defendants et.al./ parties to the action were terminated fro K.D.O.C. employment. The K.D.O.C. Staff Members and Administrative personnel refuse to afford the plaintiff with informations pertaining to the terminated employess address. The plaintiff due to his incarcerated status is prevented from accessing a telephone/address directory. Therefore, the plaintiffs request for the Courts assistance in completion of service is a reasonable request, and within the authority and duty of the Court.

6. The plaintiffs request for Default Judgment and Monetary Awards against the defendants is warranted and allowable Fed.R.Civ.P. 55. The plaintiffs motion for default judgment was timely submitted to the Court, each and every party to the action received copy of the default judgment, the same as each and every party to the action received copy of the complaint, notice of intent to sue, waiver of service form, which were provided them by the plaintiff. The defendants et.al. arrogantly ignored the all of the documents afforded them by the plaintiff, and each of the properly notified defendants et.al. " failed " to respond to the official documents provided them. Not one of the defendants et.al. filed any type nor form of objection to the; ( complaint, notice of intent to sue, notice of service, waiver of service, default judgment ) or other relative subsequent documents filed in the Court. The " only " question before the Court should be the equitable amount of damages in which each defendant et.al. is to be judgment ordered. The damages to the plaintiffs criminal appeal, as perpetrated by the defendants et.al have already occurred, where the State District Court of the plaintiffs convictions, have ruled against the plaintiff on the date of 9/8/11.

The damages claimed by the plaintiff are a " direct result " of the wanton
acts of the K.D.O.C. employees whom destroyed 4 witness statement/affidavits,
and a multitude of the plaintiffs criminal appeal/ official court documents.
The plaintiff instead of having his criminal convictions " reversed/overturned "
on the date of September 8th, 2011, now must struggle to find other avenues
in which to appeal his convictions, and may be subjected to 20 years of im-
prisonment, without relief at the State Court level, due to the unconstitut-
ional acts of the defendants et.al..

7. The plaintiffs 33 page complaint and 40 page memorandum in support of law,
sufficiently states all claims necessary to continue the judicial process,
and the form supplied by the Court is intended to limit the claims. The Court
cannot limit the issues, defendants, claimed by the plaintiff. The plaintiff
objects to the Courts attempt to limit the plaintiffs 42 U.S.C. 1983 petition.

8. The Court states that, " prison overcrowding " is not a viable reason or
claim in which thr Court may provided relief to the plaintiff as requested
pursuant to 18 U.S.C. 3626(3)(E)(i). However it is a well known fact that,
the K.D.O.C. inmate/prisoners are constantly overpopulated and overcrowded,
where the inmates at H.C.F. have been forced to reside in a space of 11 ft.
x 20 ft. and with 5 persons per cell, not including the loss of usable living
area minus ( toilet, lockers, table, beds ), and the inmates are basically
locked down in the small area approx. 20 hours per day. The K.D.O.C. prisons
are overcrowded enough that, K.D.O.C. has been housing State prisoners in
County Jails thus referred to as " farming out or rented bed space." The
plaintiff specifically requested relief for himself, and not a mass release
of other persons. The State Courts do not address Constitutional Right or
Civil Right deprivations, therefore the Federal Court is the correct venue
and jurisdiction for the plaintiffs claims.

9. The plaintiff has " more than adequately " stated his claims, jurisdiction,
Court jurisdiction, defendants, exhaustion of State/Administrative remedies,
and reliefs sought. The plaintiff clearly states to (9), nine, U.S. Constitut-
ional Amendment deprivations and (1) Statutory deprivation, and numerous
K.A.R./I.M.P.P. deprivations. Count I, Denial of access to the Courts, Count
II, Denial of access to legal research materials and alike personal property,
Count III, Denial of Compulsary Process and Confrontation Clause during trial
like settings, Count IV, Denial of Freedom of Speech, the right to read and
possesspublished materials/ Censorship, Count V, Denial of Due Process of Law

and Equal Protections of Law, Count VI, Denial of protections of the Takings
Clause without due process, Count VII, Denial of a Fair and Impartial Trier
of Fact, Count VIII, Implementations of I.M.P.P./K.A.R.(s), Count IX, Denial
of Transcripts of Judicial Proceedings, Count X, Prison Overcrowding. There-
fore the Courts statement or judgment based upon prison overcrowding alone
as its reason to deny a prisoner release order, is without merit, where the
plaintiffs 10 Issues are what the Court should base its decision of prisoner
release order.

10. The plaintiff objects and challenges the Courts interpretation of 28 U.S.C.
2284, in regards to the appointment of a three judge panel. A three judge
panel " is not " based upon a challenge against Acts of Congress as the
Court claims in its order. The U.S.D.Ct. Magistrate is to submit the plain-
iffs request for a three judge panel ( to a 3 judge panel ), and not assign
such matters to a single judge for screening and interference purposes.

11. The plaintiff further challenges the U.S.D.Ct. in Topeka Kansas as the
correct venue and jurisdiction [***esp] emphasis added... " U.S.D.Ct. Senior
Judge Mr.Sam A. Crow," as the Court in which to docket and pronounce judg-
ment on his 42 U.S.C. 1983 complaint. The Hutchinson Correctional Facility
is approx. ( 2.5 - 3.0 hours ) in driving distance and time travel from
the Topeka,Ks. U.S.D.Ct., where the U.S.D.Ct. in Wichita,Ks. is less than
( 35 - 45 minutes ) away in distance and traveling time from H.C.F.. The
Fed.R.Civ.P. and Fed.R.Crim.P. clearly states that, prisoner/inmate 42 U.S.C.
1983 complaints are to be filed, docketed and entertained in the court
closest to the prison in which the complaintant resides. Therefore the plain-
tiff objects and challeges the U.S.D.Ct. in Topeka,Ks. as the correct venue
and jurisdiction in regards to his civil rights complaint.

12. The plaintiff " specifically " objects to his Civil Rights Complaint, being
screened, reviewed, and judgments or orders " coming from the courtroom of
Mr.Sam. A. Crow. The plaintiff has filed Judicial Qualifications and complaints
against Mr.Sam A. Crow with the United States Attorney Generals Office, U.S.
Department of Justice, and the Chief Judge Mrs.Kathryn H. Vratil. Mr.Sam A.
Crow has a consistent and repeated history of denying prisoner/inmate Civil
Rights deprivations complaints on incorrect grounds and making judgments
that are contrary to well established law. Similarly Mr.Sam A. Crow has a
proven history of capitulating to the State and Federal prison systems.

## CERTIFICATE OF SERVICE

This is to certify that, I have forwarded 1 copy of the plaintiffs objection to the U.S.D.Cts. Order and Judgment, to the U.S.D.Ct. by means of Electronic Filing Method on this _11th_ day of January 2013. Other parties to the action may receive copy of the same via K.D.O.C. IN HOUSE MAIL, or the U.S.Mail Service, first class, postage prepaid.

| | | |
|---|---|---|
| Clerk of the Court<br>U.S.D.Ct.<br>444 S.E. Quincy, Room 490<br>Topeka,Ks. 66683 | Mr,Sam Brownback, Governor<br>State of Kansas<br>300 S.W. 10th Ave.<br>State Capitol, Suite 212-S<br>Topeka,Ks. 66612 | Mr.Derek Schmidtt<br>Ks.Atty. General<br>Memorial Hall<br>120 S.W. 10th Ave.<br>2nd. Floor<br>Topeka,Ks. 66612 |
| Mr.Ray Roberts<br>Ks.Sec. of Corrections<br>Landon State Office Building<br>900 S.W. Jackson, 4th Floor<br>Topeka, Ks. 66612 | Mr.Sam Cline<br>Warden, H.C.F.<br>500 Reformatory Rd.<br>Hutchinson,Ks. 67501 | Mr.Jon Graves<br>Admin. Atty. (H.C.F.)<br>500 Reformatory Rd.<br>P.O. Box 1568<br>Hutchinson,,Ks. 67501 |
| Mr.Joseph McCarville<br>Reno Co.Ks.D.Ct. Judge<br>Reno Co.Ks.D.Ct.<br>206 W. 1st. Ave.<br>Hutchinson,Ks. 67501 | Reno Co.Ks.<br>Reno Co.Ks.D.Ct.<br>c/o D.A.(s) Office<br>206 W. 1st. Ave.<br>Hutchinson,Ks. 67501 | Defendants et.al<br>may receive copy of<br>the same via K.D.O.C.<br>IN HOUSE MAIL. or from<br>their employers staff<br>attorneys. |

Robert D. Blaurock # 0086516
H.C.F.,  P.O. Box 1568
Hutchinson,Ks. 67504-1568

Sworn to before me on this _11th_ date of January 2013.

_____  my commission expires on...
Notary Public.

TERRY FLORES
Notary Public - State of Kansas
My Appt. Expires 9-24-16

5.