```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS


ROBERT D. BLAUROCK,

                     Plaintiff,

            v.                           CASE NO.  12-3066-SAC

STATE OF KANSAS,
et al.,

                     Defendants.
```

## MEMORANDUM AND ORDER

This pro se civil action was filed pursuant to 42 U.S.C. § 1983 by Mr. Blaurock while he was confined at the Hutchinson Correctional Facility, Hutchinson, Kansas (HCF).[1]  Because plaintiff is a prisoner suing government officials, the court was required by federal statute to screen his original complaint.  28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B).  D.Kan. Rule 9.1 requires that pro se prisoner pleadings be submitted upon court-approved forms.  Upon initial review of plaintiff's filings and motions, the court entered an Order requiring plaintiff to submit his "first amended complaint" upon court-approved forms in compliance with court rules.

---

[1]     Plaintiff is currently confined at the Lansing Correctional Facility, Lansing, Kansas (LCF).  Due to his transfer, claims for injunctive relief, if any, are moot.

This matter is before the court upon plaintiff's "Objection to Ruling or Order" (Doc. 12), plaintiff's First Amended Complaint (Doc. 13), and plaintiff's duplicate "Objection to Ruling and Order" (Doc. 14) submitted again later and docketed as his "Response".[2]

**OBJECTION TO RULING OR ORDER**

Plaintiff inappropriately relies upon Rule 46 of the Federal Rules of Civil Procedure as the legal authority for his "Objection." Rule 46 generally requires objections during trial proceedings to preserve questions for appeal. This motion is not construed as one to alter or amend a judgment under FRCP Rule 59(e) or as a motion for relief from judgment under FRCP Rule 60(b) because no final judgment has been entered in this case. This motion is construed as seeking reconsideration of a non-dispositive order, which is governed by District of Kansas Rule 7.3(b). The legal standards applicable to a Rule 59(e) motion and/or a motion to reconsider a non-dispositive order under D.Kan. Rule 7.3 are essentially identical. A motion seeking reconsideration "must be based on: (1) an intervening change in controlling law, (2) the availability of new evidence, or (3) the need to correct clear error or prevent manifest injustice." D. Kan. Rule 7.3(b); see also *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Relief

---

[2] These two identical documents are not discussed separately.

under Rule 59(e) is "extraordinary and may be granted only in exceptional circumstances." *Allender v. Raytheon Aircraft Co.*, 439 F.3d 1236, 1242 (10th Cir. 2006). Rule 59(e) does not permit a losing party to rehash or restate arguments previously addressed or to present supporting facts that could have been included in plaintiff's earlier filings. *Servants*, 204 F.3d at 1012. The party seeking relief from a judgment bears the burden of demonstrating that he satisfies the prerequisites for such relief. *Van Skiver v. U.S.*, 952 F.2d 1241, 1243–44 (10th Cir. 1991), *cert. denied*, 506 U.S. 828 (1992).

Mr. Blaurock does not allege an intervening change in the law or present new evidence. Nor does he show a need to correct clear error. Instead, he argues that he has "more than adequately" stated his claims, reargues some of those claims, expresses his objection to the findings and rulings of the court, and complains regarding the screening process and the undersigned judge.[3] The court finds that plaintiff fails to demonstrate the existence of any

---

[3]   Plaintiff has not filed a motion for recusal, and his complaints regarding prior court rulings are not grounds for such a motion. His objection to the court's denial of a three-judge panel has no merit. His suggestion that he either "objects or appeals" is not construed as an appeal. Generally, a notice of appeal is filed after final judgment has been entered. In order to file an interlocutory appeal, plaintiff must submit a separate notice of interlocutory appeal and show that such an appeal is warranted.

extraordinary circumstance that would justify alteration of the court's prior rulings.[4]

**FIRST AMENDED COMPLAINT**

Because Mr. Blaurock is a prisoner suing government officials, the court is required by federal statute to screen his First Amended Complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). Plaintiff's objections to the statutorily-mandated screening process that has applied in federal courts nationwide for 18 years are without factual or legal basis. Local court rule requires that pro se prisoner pleadings be submitted upon court-approved forms, and this too is the practice in most if not all federal courts. These rules are in place for very good reasons. Mr. Blaurock's filings in this case exemplify the necessity for these rules.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a "short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Mr. Blaurock initiated this action

---

[4] Plaintiff also complains that some defendants have not accepted service from him and again seeks court assistance. He also complains about defendants not responding to his motions including one for default judgment. A pro se prisoner complaint is not officially served and defendants are not required to respond in any manner until the court has screened the complaint and ordered the clerk to issue summons.

by filing a 34-page pro se civil rights complaint that is not on forms together with a 42-page Brief in Support (Doc. 2), both single-spaced. Next he filed 183 pages of exhibits.[5] He also filed motions containing 38 pages. Plaintiff alleges in his response that he presents 9 or 10 counts. By no stretch of the imagination are 260 pages of initial filings a "short and plain statement" of 10 counts. Thus, the complaint is substantially noncompliant with Rule 8.

As noted, local rules of this court require that the complaint be submitted upon forms, and plaintiff was ordered by this court to submit his complaint upon court-provided forms. Plaintiff objects that the forms lack enough space. The civil rights forms provided by the court permit pages to be attached when space is inadequate for the number of defendants and the number of counts. Furthermore, the complaint forms provide a format that requires a pro se plaintiff to present each claim separately followed by the factual allegations supporting that particular claim. A distinct section is provided for discussion of exhaustion of administrative remedies.

Had Mr. Blaurock utilized the forms and followed the directions for their completion, this court would not be faced with the same

---

[5]  It is neither necessary nor appropriate to submit large numbers of exhibits with a complaint, since proof of claims is required at a later stage in civil proceedings. Plaintiff does not refer to any of the exhibits by number in his complaints. Instead, he apparently expected the court to parse his complaint, his exhibits, and his descriptions of them.

morass of often repetitive, irrelevant or conclusory statements regarding myriad claims, factual allegations, exhaustion, and exhibits all jumbled together.  It is not the responsibility of the court to parse a running account of an inmate's daily observations and activities over the course of a year or more[6] together with his legal memorandum[7] and a ream of grievances[8] in order to ascertain what claims and supporting facts he may be attempting to present.  When a litigant refuses to proceed in the proper manner, as Mr. Blaurock does here, the court has a responsibility to protect its own docket and take action that allows equitable time and fair consideration for all litigants.  The time that it would take the court to deconstruct and then reconstruct plaintiff's 260 pages of initial filings is neither his to demand nor the court's to give.

Normally, a pro se litigant is given the opportunity to cure deficiencies in his complaint.  However, Mr. Blaurock's refusal to comply with the simple initial order of this court and his own descriptions of the filings he submitted in state courts engender

---

[6]     Plaintiff begins his observations on December 9, 2010, but changes shortly to December 9, 2011, and varies dates between 2010 and 2011 with a final entry on January 17, 2012.

[7]     It is neither required nor appropriate for a pro se litigant to present a lengthy legal memorandum with his complaint.  Plaintiff's brief and motions understandably fail to reflect a good understanding of statutory or case law, and his legal theories that are simply inapplicable are not helpful to his cause or the court.  His re-assertions of legal positions already rejected by the court impede resolution of his case.

[8]     Mr. Blaurock reports in his complaint that he filed 27 or 35 grievances and motions seeking dismissal of some disciplinary reports and return of his property.

no confidence that he would comply with further detailed orders to cure the numerous deficiencies in his amended complaint.  Thus, the court concludes that it would be futile to provide plaintiff with a second opportunity to amend.

Mr. Blaurock was expressly ordered to file his amended complaint "in compliance with court rules" including that it be submitted upon court-approved forms.  He made no effort to comply with the court's rules or order.  Instead, he submitted a 34-page single-spaced First Amended Complaint that is a duplicate of the original complaint, save for the change of a couple of the 23 defendants.  He also prematurely sought reconsideration of court rulings without legal basis.  The court finds that plaintiff simply refused to submit his amended complaint upon the court-provided forms and, as a result, the first amended complaint does not comply with the court's prior Order.  Accordingly, this action is dismissed for failure to comply with the court's order and rules.

**FAILURE TO STATE A FEDERAL CONSTITUTIONAL CLAIM**

If the court were compelled to carefully screen the allegations on each page of the initial pleadings filed in this case, it would find that the complaint is subject to dismissal pursuant to 28 U.S.C. § 1915A(b)(1) and 42 U.S.C. 1997e(c)(1) for failure to state a claim.  Numerous defects are readily apparent from even a cursory examination

of plaintiff's filings.[9]  Many defendants and claims appear to be improperly joined.[10]  Facts are not alleged to show the personal participation of each defendant in every allegedly unconstitutional incident.[11]  Facts are not alleged to establish physical or other injury that would entitle plaintiff to the monetary relief he seeks.  See 42 U.S.C. § 1997e(e).  Plaintiff was informed in his last § 1983 action that "claims for damages against KDOC" and "any state official in their official capacity, are barred by the Eleventh Amendment."  Judicial immunity bars plaintiff's claims against Judge McCarville.

---

[9]   Under his heading "JURISDICTION OF THE COURT" plaintiff lists many non-jurisdictional citations with no explanation as to how they confer jurisdiction.  Thus plaintiff fails to convincingly assert jurisdiction under any provision other than 42 U.S.C. §§ 1343, 1983 and 28 U.S.C. § 1331 (federal question jurisdiction).

[10]   The Federal Rules of Civil Procedure provide rational limits upon the parties and claims that may be litigated in a single action.  See *id.*, Rule 20(a)(2), Rule 18(a)("multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").  In brief, the "Federal Rules do not contemplate joinder of different actions against different parties which present entirely different factual and legal issues."  *Zhu v. Countrywide Realty Co., Inc.*, 160 F.Supp.2d 1210, 1225 (D.Kan. 2001)(citation omitted).  Requiring adherence in prisoner suits to the joinder rules prevents "the sort of morass [a multiple claim, multiple defendant] suit produce[s]."  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).  It also prevents prisoners from "dodging" the fee obligations and the three strikes provisions of the Prison Litigation Reform Act.  *Id.*

[11]   Plaintiff filed at least two prior § 1983 actions in this court.  In his most recent, *Blaurock v. Kansas Dept. of Corrections*, 2011 WL 4001081 (D.Kan. 2011), he was informed that "[i]ndividual liability under 42 U.S .C. § 1983 must be based on personal involvement in the alleged constitutional violation."  He was also informed that a "plaintiff must provide facts to establish each defendant's personal participation" and may not "rely on the doctrine of respondeat superior."  On his appeal of that case, Mr. Blaurock was informed by the Tenth Circuit Court of Appeals that if the complaint failed to identify the individual that allegedly denied his right he could not "obtain relief because the amended complaint failed to assert the requisite "personal involvement in the alleged constitutional violation."  *Blaurock v. KDOC*, 526 Fed.Appx. 809, 812 (10th Cir. 2013).

Plaintiff's main claims may be summarized as: challenges to prison disciplinary proceedings, confiscation of his legal materials, loss of non-legal property, and state court proceedings; as well as denial of access to the courts and retaliation.[12]

Plaintiff's challenges to several separate disciplinary proceedings indicate that the sanctions imposed did not include loss of good time. The minimal due process protections afforded by *Wolff v. McDonnell,* 418 U.S. 539, 556 (1974) apply only to disciplinary proceedings that result in loss of good time and thus "inevitably affect the duration" of confinement. *Sandin v. Conner*, 515 U.S. 472, 485-87 (1995). Thus, even if plaintiff's allegations of false charges, lack of notice, denial of witnesses, and insufficient evidence are true, he states no claim. Moreover, plaintiff indicates that the disciplinary charges were eventually dismissed. In addition, it is settled that short term placement in segregation

---

[12] Plaintiff's added-on claims regarding his outgoing mail fee and overcrowding refer to first-level grievances only. His overcrowding claim was dismissed in the court's prior order, and his attempt to expand upon it in his objection is ineffective given that this pleading is not an Amended Complaint. His claim of "denial of right to read own (purchased) published materials" is not supported by facts establishing actual injury or lack of alternative means. His claims of "denial of compulsory process and confrontation clause" are subsumed within his denial of access claim based on the same allegations. His equal protection claim is not supported by facts of disparate treatment or suspect classification. His claims of negligence and violations of prison regulations and state laws are not grounds for relief under § 1983. His claim that Robinson of I&I refused to investigate certain officials upon plaintiff's request states no constitutional violation. His allegation that he was denied nail clippers in segregation does not evince a constitutional violation. His allegation that Wyandotte County Sheriff's Deputies confiscated his document files prior to a state hearing does not show personal participation by any defendant named in this action. An inmate is not a state actor.

does not implicate due process because such confinement does not impose "an atypical and significant hardship" in relation to the ordinary incidents of prison life. *Id.* at 485. Thus, plaintiff's two limited stints in segregation do not entitle him to money damages.

Plaintiff's allegations that his legal research materials[13] were confiscated fail to establish that this "taking" was illegal. The confiscation occurred during a pack-up of plaintiff's property as he was being moved out of his cell, and defendant Armstrong wrote "over the limit" as his reason for confiscating the materials.[14] Prison officials may reasonably limit the amount and kinds of legal materials and other property that an inmate can possess in his cell. Plaintiff voices strong disagreement with Armstrong's reason, but his allegation that his materials were in compliance with prison regulations is completely conclusory. Plaintiff's own allegations

---

[13] With regard to his personal property, plaintiff claims theft of commissary purchases and loss of inmate account funds. He alleges later in his complaint that he was informed that his trust fund monies were forwarded to the "Ks. Setoff Program for current child support obligations." Plaintiff's remedy for property loss claims is not a § 1983 complaint where, as here, it appears that administrative and state law remedies for property loss were available. To the extent that he complains of his missing 25 computer-printed legal research purchases as property losses, the denial of his administrative claim as to this property is not grounds for relief under § 1983.

[14] Initially, plaintiff alleges that his legal property consisted of a six-year compilation of hundreds of pages of handwritten legal reference materials as well as 25 computer printouts of case law research materials, official court documents, motions for filing, witness affidavits, legal mail, and more; and that all were confiscated, withheld and destroyed. However, he also alleges that days later an officer located his properties and shipped them to the A&D Unit "where it was intended to be delivered to the plaintiff." He later alleges that one-third of his one box of legal materials was taken, the box was withheld while he was in segregation, and when he received the remainder of "his property boxes" from A&D, "many" materials had been removed. Plaintiff does not clearly describe the confiscations or name the person or persons that destroyed his legal property.

regarding his papers appear to confirm rather than refute the finding that he had excess materials in his cell. The removal of excess materials from an inmate's cell does not, standing alone, amount to a constitutional violation.

Plaintiff complains regarding procedures and rulings in cases that he litigated in Wyandotte County District Court and Reno County District Court. This court does not sit as a super appeals court with respect to a prison conditions complaint dismissed in state court.[15] Furthermore, challenges to procedures in state post-conviction proceedings present no constitutional claim in federal court.[16]

Plaintiff's allegations made to support his claim of denial of access to the courts are mostly formulaic and conclusory.[17] He

---

[15] Plaintiff's own allegations suggest that his state action was dismissed because he refused or failed to present his claims in an appropriate and orderly manner. He alleges that the judge held 5 hearings and expressed frustration with plaintiff's filings. A judge need not address merits when grounds for summary dismissal exist.

Plaintiff's statements that he presented the same conditions claims in his state court action as he now raises herein and that they were dismissed presents the threshold question of whether his claims are barred by issue preclusion.

[16] In order for a federal court to review challenges to a state prisoner's conviction or sentence, the inmate must file a habeas corpus petition pursuant to 28 U.S.C. § 2254.

[17] To state a claim of denial of access to the courts, the inmate must describe acts or inactions on the part of each defendant and explain how they "hindered his efforts to pursue a legal claim," causing him "actual injury." *Lewis v. Casey*, 518 U.S. 343, 348, 350-51 (1996). He may do so by alleging actual prejudice to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim, or that a nonfrivolous legal claim has been dismissed, frustrated or impeded. *Id.* at 350, 353. Plaintiff's allegations of being denied access to a typewriter (no federally protected right to use

repeatedly claims that all his legal materials were confiscated[18] and state court proceedings were impeded as a result. However, nothing in plaintiff's allegations or exhibits establishes that any case filed by him was dismissed as a direct result of his lack of access to particular legal materials or a restriction on his time in the law library. He does not adequately describe or exhibit an order or official letter from a court showing that his cases were dismissed because he was unable to file a specific motion or lacked access to a certain court document or was unable to present a legally researched pleading. There is no indication of dismissal on account of plaintiff's inability to prosecute or to file a timely response. Plaintiff never describes a particular confiscated motion or document and then explains how its absence actually impeded his state court litigation. His specific allegations that he was prevented from filing two or three additional motions, which are not shown to

---

typewriter) and of limited access to the prison law library, without more, are insufficient.

[18]   Plaintiff describes most confiscated items in general terms such as reference and research materials, court documents, and motions ready for mailing. He describes a few items more specifically: Kansas Court Rules and Procedure Book, KDOC Classification Manual, U.S. Constitution pamphlet, motion for order compelling disclosure and discovery of 14 volumes of trial transcripts, "second motion of Ad Dueces Tectum" for production of banking transactions and writ of mandamus to compel the Wyandotte County District Court to "allow introduction of his Ad Dueces Tectum," 4 defense witness statement/affidavits, and requests for admission of documents and witness testimonies. Finally, plaintiff alleges that the following materials have never been returned: "his 6 years worth of handwritten legal reference materials, official court documents, motions intended to courts, Ks.Ct.R. and P. Book, U.S. Constitution pamphlet," KDOC Classification Manual, and "the 25 case law references."

have been either essential or proper, are not sufficient to establish actual injury. His repeated bald allegations that confiscated items were essential are nothing but conclusory statements. Plaintiff also fails to show that the state court cases filed by him and cited throughout his complaint were non-frivolous. His repetitive remarks that the appeal of his criminal conviction was adversely impacted are simply incorrect, since his direct criminal appeal was final in early 2010. See *State v. Blaurock*, 201 P.3d 728 (Kan.App.), *review denied* (Kan. Nov. 5, 2009). Finally, the court notes that the volume of materials filed in this case and in plaintiff's cited state court cases "completely undermine" any claim that he has been denied access to the courts. See *Lynn v. Anderson-Varella*, 257 Fed.Appx. 80, 86 (10th Cir. 2007).

Plaintiff's claims that defendants retaliated against him with false disciplinary reports, cell searches, and intraprison transfers are also formulaic and conclusory.[19] A prisoner claiming retaliation must "allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." *Frazier v.*

---

[19]  The Tenth Circuit has stated that:

> [g]overnment retaliation against a plaintiff for exercising his or her First Amendment rights may be shown by proving the following elements: (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

*Dubois*, 922 F.2d 560, 562 n. 1 (10th Cir. 1990); *Peterson v. Shanks*, 149 F.3d 1140, 1144 (10th Cir. 1998). In addition, he "must prove that 'but for' the retaliatory motive, incidents to which he refers," such as disciplinary actions and transfers, "would not have taken place." *Smith v. Maschner*, 899 F.2d 940, 949-50 (1990); see also *Fogle v. Pierson*, 435 F.3d 1252, 1263-64 (10th Cir. 2006). The amended complaint does not allege facts establishing all "three elements of a retaliation claim." Nor does plaintiff demonstrate that the actions of which he complains would not have occurred but for the retaliatory motive of defendants.

The dismissal of this action is without prejudice, which leaves plaintiff free to file a new civil action. However, Mr. Blaurock is cautioned that any new complaint filed by him that fails to comply with court rules or orders or fails to eliminate the numerous deficiencies discussed herein will be subject to dismissal.[20]

**IT IS THEREFORE BY THE COURT ORDERED** that this action is dismissed, without prejudice, due to plaintiff's refusal to comply with the court's orders and rule.

**IT IS FURTHER ORDERED** that to the extent plaintiff's objections (Docs. 12, 14) amount to motions for reconsideration, they are denied.

---

[20] Plaintiff is also warned that any action filed by him in the future that is dismissed on account of similar deficiencies may be counted as a strike pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

Dated this 18th day of November, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**
